# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-0375V
### Filed:  July 8, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| JENNIFER REID, | * | |
| | * | |
| Petitioner, | * | Ruling on Entitlement; Concession; |
| v. | * | Measles, Mumps, and Rubella ("MMR") |
| | * | Vaccine; Tetanus, Diphtheria, |
| SECRETARY OF HEALTH | * | acellular Pertussis ("Tdap") Vaccine; |
| AND HUMAN SERVICES, | * | Hepatitis A Vaccine; Hepatitis B |
| | * | Vaccine; Shoulder Injury Related to |
| Respondent. | * | Vaccine Administration ("SIRVA"); |
| | * | Special Processing Unit ("SPU") |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Paul Brazil, Esq., Muller Brazil, LLP, Philadelphia, PA, for petitioner.*
*Lynn Ricciardella, Esq., U.S. Department of Justice, Washington, DC for respondent.*

## RULING ON ENTITLEMENT[1]

**Vowell**, Chief Special Master:

On April 13, 2015, Jennifer Reid filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"].  Petitioner alleges that she suffered subacromial impingement, adhesive capsulitis, and bursitis caused in fact by the measles, mumps, and rubella vaccine; tetanus, diphtheria, acellular pertussis vaccine; Hepatitis A vaccine; or Hepatitis B vaccine she received on May 5, 2014.  Petition at 1.  Petitioner also alleges that her injuries lasted more than six months and that she continues to suffer the residual effects of her injury.  *Id.*, ¶ 13.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 7, 2015, respondent filed her Rule 4(c) report in which she indicates she "has determined that petitioner's alleged injury is consistent with a shoulder injury

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

related to vaccine administration, and recommends that compensation for this specific shoulder injury be awarded in this case."  Respondent's Rule 4(c) Report at 1. Specifically, respondent agrees "that a preponderance of evidence establishes that the injury to petitioner's left shoulder was caused by the administration of either the TdaP or Hepatitis A vaccines she received on May 5, 2014, and that petitioner's injury is not due to factors unrelated to the administration of those vaccines."  *Id* at 3.  Furthermore, respondent agrees that petitioner's injury lasted for more than six months.  *Id.*

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

<u>**s/Denise K. Vowell**</u>
Denise K. Vowell
Chief Special Master